UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Justin Jamal Lewis, ) | C/A No. 8:24-cv-5557-BHH-WSB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Sgt. Sweetenburg, Ofc. Williams, Ofc. Price, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff is a state inmate in the custody of the South Carolina Department of Corrections ("SCDC") and is presently confined at the McCormick Correctional Institution ("McCormick"). The events giving rise to Plaintiff's claims occurred at the Lee Correctional Institution ("Lee"). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the Complaint for relief and submit findings and recommendations to the district court. For the reasons below, Defendant Williams is subject to dismissal.

**BACKGROUND**

Plaintiff commenced this action by filing a Complaint on the standard form seeking relief pursuant to 42 U.S.C. § 1983 in October 2024. ECF No. 1. By Order dated October 10, 2024, the Court notified Plaintiff that the Complaint was subject to summary dismissal for the reasons identified by the Court in that Order. ECF No. 9. The Court noted, however, that Plaintiff may be able to cure the pleading deficiencies of the Complaint and granted Plaintiff twenty-one days to amend the Complaint. *Id*. Plaintiff filed an Amended Complaint, which was entered on October 21, 2024. ECF No. 12.

1

On January 22, 2025, the undersigned issued an Order authorizing service of process as to Defendants Sweetenburg, Williams, and Price.  ECF No. 27.  That same day, the undersigned issued a Report and Recommendation (the "R&R"), recommending that all other Defendants named in this action be dismissed.  ECF No. 29.  On February 13, 2025, the Honorable Bruce Howe Hendricks adopted the R&R and dismissed Defendants Stirling and Jackson.  ECF No. 36.  Accordingly, only Defendants Sweetenburg, Williams, and Price remain in this action.  Defendants Sweetenburg and Price have been properly served and have filed Answers to the Amended Complaint.  ECF Nos. 72; 89.  Dispositive Motions in this case are due on October 21, 2025.  ECF No. 124.

As noted, the Court authorized service on Defendant Williams (along with Sweetenburg and Price) by Order dated January 22, 2025.  ECF No. 27.  The Serve Order, Summons, Amended Complaint, and Forms USM-285 were forwarded to the United States Marshal Service ("USMS") for service of process.

On March 13, 2025, the USMS filed a Summons Returned Unexecuted, indicating that it could not serve the Summons and Amended Complaint on Defendant Williams.  ECF No. 40.  The USMS attempted to serve Defendant Williams, at the address provided by Plaintiff, but the USMS could not accomplish service, explaining as follows:

> Per SCDC Legal:  Need a first name, too many "Williams" to locate.

*Id*.  Accordingly, by Order dated March 14, 2025, Plaintiff was directed to provide additional identifying information, such as a first name, for Defendant Williams and properly completed service documents so that Defendant Williams could be served.  ECF No. 42.  After the deadline set in that Order passed without Plaintiff having provided service documents as ordered, the Court

2

entered another Order dated April 9, 2025, again directing Plaintiff to provide service documents for Defendant Williams so that he could be served. ECF No. 52.

On April 23, 2025, Plaintiff filed a proposed Form USM-285 and Summons for Defendant Williams. ECF Nos. 60; 60-1. Plaintiff provided a first name, identifying this Defendant as "Earl Williams." *Id*. According, by Order entered May 5, 2025, service was authorized as to Defendant "Earl Williams." ECF No. 64.

The USMS again filed a Summons Returned Unexecuted on May 20, 2025, indicating that it could not serve the Summons and Amended Complaint on Defendant Earl Williams. ECF No. 69. The USMS attempted to serve Earl Williams, at the address provided by Plaintiff, but could not accomplish service. *Id*. The USMS explained as follows:

> SCDC Legal advises they do not have or have ever had an "Officer Earl Williams" employed there.

*Id*. Accordingly, by Order dated May 21, 2025, Plaintiff was again directed to provide additional identifying information for Defendant Williams so that service could be accomplished. ECF No. 75. On June 20, 2025, Plaintiff filed a proposed Form USM-285 for Defendant Williams. ECF No. 107. Plaintiff provided a first name, identifying this Defendant as "Daryl Williams." *Id*.

By Order dated June 24, 2025, service was again authorized as to Defendant "Daryl Williams." ECF No. 109. However, once again, the USMS filed a Summons Returned Unexecuted on July 24, 2025, indicating that it could not serve the Summons and Amended Complaint on Defendant Daryl Williams. ECF No. 126. The USMS attempted to serve Daryl Williams, at the address provided by Plaintiff, but could not accomplish service. *Id*. The USMS explained, "SCDC Legal could not locate a Daryl Williams at Lee CI." *Id*.

3

**DISCUSSION**

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within (90) days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant . . . [b]ut if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."[1]  Fed. R. Civ. P. 4(m).  Here, Plaintiff filed his lawsuit *pro se* and *in forma pauperis*.  As such, the ninety-day time limit under Rule 4(m) did not run during the initial review of this case.  *See Robinson v. Clipse*, 602 F.3d 605, 608–09 (4th Cir. 2010) (tolling during initial review).  Rather, it began to run on the date when the original Summons was issued—January 22, 2025.  ECF No. 28.  The 90-day service deadline expired on April 22, 2025, more than three months ago.  Nevertheless, the Court permitted Plaintiff to make additional efforts to provide information so that Defendant Williams could be served.

Plaintiff has had multiple opportunities to provide identifying information for Defendant Williams so that the USMS could effectuate service of process.  *See* ECF Nos. 42; 52; 75.  In this Court's Order to Plaintiff dated May 21, 2025, Plaintiff was warned as follows:

> Plaintiff must provide additional identifying information as to Defendant Williams. The United States Marshal Service has been unable to serve this Defendant because too many "Williams" are employed by SCDC and no "Earl Williams" is employed by SCDC. Plaintiff must provide additional information, such as this Defendant's correct first name, sufficient to identify Williams so that service can be accomplished.

---

[1] The Court has notified Plaintiff, on numerous occasions, that failure to provide sufficient identifying information for Defendant Williams may subject the case to dismissal.  *See* ECF Nos. 27 at 2; 64 at 3; 109 at 3.  Additionally, this Report and Recommendation serves as additional notice to Plaintiff and, to the extent he can show good cause for why dismissal of Defendant Williams is not appropriate at this time, he must do so by way of objections to this Report and Recommendation within fourteen days.

> **If Plaintiff does not provide additional identifying information as to Defendant Williams within the time permitted by this Order, Defendant Williams may be dismissed from this action under Rule 41 of the Federal Rules of Civil Procedure.**

CITE (emphasis in original). This Court's Order authorizing service dated June 24, 2025, explained as follows to Plaintiff:

> Plaintiff **must** provide, and is responsible for, information sufficient to identify Defendants on the Forms USM-285. The United States Marshal cannot serve an inadequately identified defendants. **Unserved Defendants may be dismissed as parties to this case if not served within the time limit governed by Rule 4(m) and this Order.**

ECF No. 109 at 3 (emphasis in original). The Court's prior Orders authorizing service included identical language informing Plaintiff that, although his lawsuit would be served by the USMS, he was responsible for providing information sufficient to identify Defendants on the Forms USM-285. ECF Nos. 27 at 2; 64 at 3. Each Order also warned Plaintiff that pursuant to Federal Rule of Civil Procedure 4(m), if Defendant was not served within 90 days after the Summons is issued, the unserved Defendant may be dismissed from the case. ECF Nos. 27 at 2; 64 at 3; 109 at 3.

The Fourth Circuit has found that district courts have discretion to extend the time to effect service of process. *Gelin v. Shuman*, 35 F.4th 212, 218–20 (4th Cir. 2022). Here, though, the circumstances weigh against exercising such discretion. Plaintiff has had multiple opportunities to provide identifying information for Defendant Williams, but he has failed to provide information for this Defendant such that service could be accomplished, despite the Court's many warnings. *See Cutner v. Myers*, C/A No. 6:23-cv-05282-RMG-KFM, 2024 WL 3993167, at *2 (D.S.C. July 26, 2024), *R&R adopted by* 2024 WL 3992589 (D.S.C. Aug. 29, 2024). In light of the foregoing, the undersigned recommends that Defendant Williams be dismissed as a Defendant pursuant to Rule 4(m) and Rule 41 of the Federal Rules of Civil Procedure. *Argot v. Harden*, C/A No. 4:11-

cv-2755-MBS-TER, 2012 WL 6839310, at *4 (D.S.C. Sept. 27, 2012) ("Plaintiff has failed to provide sufficient information for timely service on Defendant . . . , so this defendant should be dismissed without prejudice as a defendant in this case pursuant to Rule 4(m) and for failing to abide by orders of this court directing her to provide this information."), *R&R adopted by* 2013 WL 132455 (D.S.C. Jan. 10, 2013).

## **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the district court **DISMISS** Defendant Williams from this action without prejudice. The action remains pending against Defendants Sweetenburg and Price.

**IT IS SO RECOMMENDED**.

s/William S. Brown<br>
United States Magistrate Judge

August 7, 2025  
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).